# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAILA TUCKER,  )<br><br>Plaintiffs  )<br><br>v.  )<br><br>FDS BANK,  )<br><br>Defendant  )<br>_____ ) | **Case No.: 5:16-cv-01382-M**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## FIRST AMENDED COMPLAINT

KAILA TUCKER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FDS BANK ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

2.      Defendant conducts business in the State of Oklahoma and as such, personal jurisdiction is established.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

4.    Plaintiff is a "natural" person residing Oklahoma City, OK 73117.

5.    Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.    Defendant is a corporation with its principal place of business located at 9111 Duke Boulevard, Suite 100, Mason, Ohio 45040.

7.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9.    Plaintiff had a cellular telephone number that she has had for more than one year.

10.    Plaintiff has only used this number as a cellular telephone number.

11.    The phone number has been assigned to a cellular telephone service for which Plaintiff pays the bill.

12.    Beginning sometime in or around January or February 2016, and continuing through August 2016, Defendant called Plaintiff on her cellular telephone.

13.    Defendant called Plaintiff from multiple telephone numbers including, but not limited to, 513-573-8739, 513-573-8717, 727-556-7300, 513-573-8031,

513-754-9822, and 513-573-8038. The undersigned has confirmed that these numbers are used by the Defendant.

14.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15.     Defendant's calls were not made for "emergency purposes" but to collect an alleged Macy's debt.

16.     Plaintiff knew that calls were automated as they would start with a recorded voice before the line would hang up or there would be a pause and then the call would be transferred to a live representative.

17.     The Plaintiff also received automated messages from Defendant.

18.     Shortly after the calls began in January or February 2016, Plaintiff told the Defendant to stop calling her cellular telephone.

19.     Instead, Defendant continued to call Plaintiff's cellular telephone without her express consent.

20.     Defendant called Plaintiff multiple days a week during this time period and would often call four or more calls a day.

21.     Frustrated and annoyed by Defendant's repeated calls, in March 2016 the Plaintiff resorted to using a call blocker feature on her cellular telephone.

22.     Most recently, Defendant called Plaintiff's cellular telephone in August 2016.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.    Defendant initiated multiple automated and/or prerecorded telephone calls to Plaintiff's cellular phone.

25.    Defendant's calls to Plaintiff were not made for emergency purposes.

26.    Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

27.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAILA TUCKER, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.   Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.   Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.   Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAILA TUCKER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: January 5, 2017                KIMMEL & SILVERMAN, P.C.
                                      By:*/s/ Rachel Rebecca Stevens*___
                                        Rachel Rebecca Stevens, Esq.
                                        PA Attorney ID No. 307819
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888 ext. 141
                                        Fax: (877) 788-2864
                                        Email: rstevens@creditlaw.com

## CERTIFICATE OF FILING

I certify that on January 5, 2017, I electronically filed the foregoing with the

Clerk of the U.S. District Court, Western District of Oklahoma, using the

electronic case filing system of the Court, which will effect service on all parties

who have appeared through their counsel of record:

> Clayton D. Ketter, Esq.
> Melvin R. McKay, Jr.
> Phillips Murrah, P.C.
> 101 N. Robinson Avenue, 13th Fl.
> Oklahoma City, OK 73102
> cdketter@phillipsmurrah.com

> Attorneys for Defendant FDS Bank

And placed a copy in the U.S. Mail to the following who have not appeared:

> Citibank, N.A.
> ATTN: Legal Department
> 399 Park Avenue
> New York, NY 10043

Dated: January 5, 2017                    By: /s/ *Rachel Rebecca Stevens*
                                          Rachel Rebecca Stevens
                                          PA Attorney ID No. 307819
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email:    rstevens@creditlaw.com