# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAILA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1382-M |
| | ) | |
| FDS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed March 6, 2017. On March 20, 2017, plaintiff filed her response, and on March 27, 2017, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff brings the instant action against defendant alleging that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Specifically, plaintiff alleges that beginning sometime in or around January or February of 2016, and continuing through August 2016, defendant called plaintiff on her cellular telephone from multiple telephone numbers and used an automatic telephone dialing system and automatic and/or pre-recorded messages to collect an alleged Macy's debt. *See* First Amended Complaint at ¶¶ 12-15. Plaintiff also alleges that shortly after the calls began, she told defendant to stop calling her cellular telephone, but defendant continued to call plaintiff's cellular telephone without her express consent. *See id.* at ¶¶ 18-19. Plaintiff further alleges that defendant called her multiple days a week during the time period and would often call four or more times a day. *See id.* at ¶ 20. Finally, plaintiff alleges that "[f]rustrated and annoyed by Defendant's repeated calls, in March 2016 the Plaintiff resorted to using a call blocker feature on her cellular telephone." *Id.* at ¶ 21.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant now moves the Court to dismiss plaintiff's First Amended Complaint for lack of subject matter jurisdiction. Specifically, defendant, relying upon *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), asserts that plaintiff's complaint should be dismissed because plaintiff lacks Article III standing because she neither alleges nor establishes that she has suffered an injury-in-fact that is fairly traceable to the challenged conduct of defendant and as such, this Court lacks subject matter jurisdiction.

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms: (1) a facial attack, and (2) a factual attack. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). In its motion, defendant is presenting a facial attack. In addressing a facial attack, this Court must accept the allegations in the First Amended Complaint as true and construe the First Amended Complaint in favor of plaintiff. *See id.*

Article III limits the federal courts' power to the adjudication of actual cases or controversies. *See* U.S. CONST. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo*, 136 S. Ct. at 1547.

> Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element.

*Id.* (internal quotations and citations omitted). Further, "it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48 (internal quotations and citations omitted).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural

2

or hypothetical." *Id.* at 1548 (internal quotations and citation omitted). "For an injury to be 'particularized' it must affect the plaintiff in a personal and individual way", and for an injury to be concrete, it "must be 'de facto'; that is, it must actually exist." *Id.* at 1548. Finally, "Article III standing requires a concrete injury even in the context of a statutory violation"; a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 1549-50.

Having carefully reviewed plaintiff's First Amended Complaint, and accepting the allegations in the First Amended Complaint as true and construing them in favor of plaintiff, the Court finds that plaintiff has adequately pled an injury-in-fact, one that is concrete and particularized and actual or imminent, that is fairly traceable to defendant's challenged conduct and, that plaintiff, thus, has Article III standing. Specifically, the Court finds that plaintiff is not solely relying on a bare violation of the TCPA to establish standing in this case but has pled sufficient facts to show that the unwanted calls she received caused her frustration and annoyance and caused her to waste time, such as the time spent using a call blocker feature on her cellular phone to block defendant's calls. *See* First Amended Complaint at ¶ 21. Further, plaintiff alleges that defendant called her multiple days a week and would often call four or more times a day. *See id.* at ¶ 20. Even a single phone call can cause lost time, annoyance, and frustration, but this is especially plausible where the recipient receives repeated, regular phone calls from the same numbers and asks the caller to stop. The Court finds that plaintiff's allegations that she received repeated unwanted calls that caused her frustration and annoyance in conjunction with time spent using a call blocker feature is sufficient to allege a concrete and particularized injury that is fairly traceable to defendant's challenged conduct, establishing standing under *Spokeo*.

Accordingly, the Court DENIES defendant's Motion to Dismiss Plaintiff's First Amended Complaint [docket no. 12].

**IT IS SO ORDERED this 24th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE