# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KAILA TUCKER,              )
                                    )
           Plaintiff,       )
                                    )
vs.                          )      Case No. CIV-16-1382-M
                                    )
FDS BANK,             )
                                    )
           Defendant.    )

## ORDER

Before the Court is defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals, filed March 6, 2017. On March 20, 2017, plaintiff filed her response, and on March 27, 2017, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

On January 5, 2017, plaintiff filed an amended complaint in this case, alleging that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by placing calls to plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice after she revoked any prior express consent.[1] Defendant moves the Court to stay plaintiff's claims pending resolution of a consolidated appeal in the United States Court of Appeals for the District of Columbia ("D.C. Circuit Appeals case") challenging the validity of *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961 (2015) (the "July 2015 Ruling"), issued by the Federal Communications Commission ("FCC") addressing, among other things, what type of equipment constitutes an ATDS under the

---

[1] In her amended complaint, plaintiff specifically alleges that she knew the calls were automated because they would start with a recorded voice before the line would hang up or there would be a pause and then the call would be transferred to a live representative and that she received automated messages from defendant. *See* First Amended Complaint at ¶¶ 16-17.

TCPA.[2]  The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  The July 2015 Ruling includes an interpretation of capacity to include equipment with the "potential ability," rather than simply the "present ability," to act as an ATDS.

Defendant asserts that a stay is warranted because resolution of the D.C. Circuit Appeals case will have a significant and direct impact on the resolution of plaintiff's claims.  Specifically, defendant contends that a stay pending the decision in the D.C. Circuit Appeals case would promote the interests of judicial economy.  Further, defendant contends that a stay would provide guidance as to whether the calls at issue were placed by an ATDS, thereby avoiding inconsistent results.  Finally, defendant contends that a stay would not be prejudicial to plaintiff and will greatly reduce the burden of litigation on the parties and this Court.  Defendant asserts that proceeding in this case may result in it expending significant time and resources on fact and expert discovery that ultimately may be unnecessary.

Plaintiff asserts that this action should not be stayed because the provisions being challenged in the D.C. Circuit Appeals case are not likely to come into play in this case.  Specifically, plaintiff contends that her amended complaint clearly alleges use of telephone equipment with the present capacity to act as an ATDS and defendant has neither pled in its motion nor provided any evidence to date to suggest that its telephone equipment, while lacking the present capacity to dial telephone numbers without human intervention, may have the future or potential capacity to do so.  Plaintiff further contends that absent evidence that future capacity is an issue, whether or not defendant's equipment is an ATDS can be decided based upon established case law

---

[2] The D.C. Circuit Appeals case is fully briefed and oral argument was heard on October 19, 2016.

and FCC regulations concerning autodialers that is not challenged in the D.C. Circuit Appeals case, and, thus, there is no reason to think the D.C. Circuit Appeals case will impact the instant case.

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When a stay of judicial proceedings is sought, the movant has the burden to show that it is entitled to the stay. *See Sec. Inv'r Prot. Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992). Having carefully reviewed the parties' submissions, the Court finds that defendant has not shown that it is entitled to a stay. Specifically, the Court finds that it would not be in the interest of justice to stay this case pending the decision in the D.C. Circuit Appeals case. The Court finds that at this stage of the proceedings, it does not appear that the issue in the D.C. Circuit Appeals case is involved in the instant case; based upon the pleadings in this case, the equipment at issue appears to have the present capacity to dial telephone numbers without human intervention and there is no issue of future or potential capacity.[3] Additionally, because it does not appear that the issue in the D.C. Circuit Appeals case is involved in this case, the Court finds that a stay would not promote judicial economy and would unduly prejudice plaintiff and that a denial of a stay would not create an undue hardship on defendant.

---

[3] The Court would note that if discovery shows that defendant's equipment lacks the present capacity to dial without human intervention, defendant can file a renewed motion to stay this case.

Accordingly, the Court DENIES defendant's Motion to Stay Proceedings Pending Ruling

by the D.C. Circuit Court of Appeals [docket no. 13].

**IT IS SO ORDERED this 27th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE